July 19, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2482

UNITED STATES OF AMERICA,

Appellee,

v.

DENNIS LIBERGE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Selya and Cyr,

Circuit Judges.

Valeriano Diviacchi, by Appointment of the Court, with whom

Diviacchi Law Office, was on brief for appellant.

F. Mark Terison, Assistant United States Attorney, with whom

Richard S. Cohen, United States Attorney, and Jonathan A. Toof,

Assistant United States Attorney, were on brief for appellee.

Per Curiam. Appellant Dennis Liberge was charged with

conspiracy to possess cocaine with intent to distribute it in

violation of 21 U.S.C. 841(a)(1), 841(b)(1)(C), and 846.

After trial, a jury found him guilty. Appellant challenges the

conviction, alleging that the trial court's instructions

regarding the statute of limitations constituted reversible

error. We affirm.

Appellant claims that he entered a conspiracy to

distribute cocaine with several other individuals during the

summer of 1986, but that his participation ended well before the

critical date for the statute of limitations bar, February 26,

1987. Defense counsel anticipated the importance of the statute

of limitations in its version of the jury instructions. The

trial judge rejected the proffered instruction and instructed the

jury that the government must prove:

First, that on or after February 26,
1987, and continuing up until June, 1987,
the agreement specified in the
indictment, and not some other agreement
or agreements existed or continued to
exist between at least two people to
possess cocaine with the intent to
distribute it. . . . Second, the
government must prove that Dennis Liberge
intentionally joined in this agreement. .
. . In summary, for Dennis Liberge to be
convicted of the crime of conspiracy, the
government must prove two things beyond a
reasonable doubt: first, that on or
after February 26, 1987, and continuing
up until June, 1987, an agreement to
possess cocaine with the intent to
distribute it existed or continued to
exist; and second, that Dennis Liberge
intentionally joined in or continued in
that agreement.

Appellant offered two exceptions when queried by the judge.

Neither objection raised the statute of limitations issue. The

trial court denied the objections.

To preserve an objection to a jury instruction, a

defendant must make a contemporaneous exception when the trial

court instructs the jury, which apprises the judge of the basis

of the asserted error. United States v. Mendoza-Acevedo, 950

F.2d 1, 4 (1st Cir. 1991); United States v. McGill, 932 F.2d 16,

17 (1st Cir. 1991); Fed. R. Crim. P. 30 ("No party may assign as

error any portion of the charge or omission therefrom unless that

party objects thereto before the jury retires to consider its

verdict, stating distinctly the matter to which he objects and

the grounds of his objections."). The rule is not a penalty for

inartfully phrased objections, see 2 Charles Alan Wright, Federal

Practice & Procedure, Crim. 2d 484 (1982 & supp. 1993), but a

frank recognition that a trial judge cannot correct errors of

which he is unaware. The failure to object clearly, therefore,

waives the issue. United States v. Glenn, 828 F.2d 855, 862 (1st

Cir. 1987).

Appellant contends that in the context of this case and

based on his previously requested instructions, the court knew or

should have known that the critical issue for the jury was the

statute of limitations requirement that Liberge was part of the

conspiracy on or after February 26, 1987. The argument, however,

does not serve appellant's cause.

The judge instructed the jury that the government must

prove beyond a reasonable doubt that Liberge joined or continued

-3-

as a member of a conspiracy that began or continued after

February 26, 1987. Appellant failed to object after the

instruction was given, as required by Rule 30 and First Circuit

precedent. Mendoza-Acevedo, 950 F.2d at 4. The trial judge thus

justifiably believed that he had addressed appellant's concerns

regarding the statute of limitations bar. The two objections

that appellant raised did not suggest that appellant continued to

object to the instruction on the statute of limitations ground.

Appellant argued that the instruction should have required the

government to prove the existence of a conspiracy between five

named individuals on or after February 26, 1987. This, of

course, was not the government's burden and does not even vaguely

suggest the judge erred with respect to the statute of

limitations. The second objection addressed an entirely

different point not relevant here. The statute of limitations

issue therefore is waived.

Consequently, we may vacate appellant's conviction only

if the instructional error was "plain." Mendoza-Acevedo, 950

F.2d at 4; McGill, 932 F.2d at 17. "The plain error hurdle is

high." McGill, 932 F.2d at 17 (quoting United States v.

Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989)). Viewing the

charge as a whole, as we must, Glenn, 828 F.2d at 861, the jury

could not have been misled by the judge's instruction on the

government's burden.

The conviction is affirmed.

-4-