998 F.2d 1001
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of AMERICA, Appellee,
v.
Dennis LIBERGE, Defendant, Appellant.
 No. 92-2482.
 United States Court of Appeals,
First Circuit.
 July 19, 1993.
 
 Appeal from the United States District Court for the District of Maine
 Valeriano Diviacchi, by Appointment of the Court, with whom Diviacchi Law Office, was on brief for appellant.
 F. Mark Terison, Assistant United States Attorney, with whom Richard S. Cohen, United States Attorney, and Jonathan A. Toof, Assistant United States Attorney, were on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Dennis Liberge was charged with conspiracy to possess cocaine with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. After trial, a jury found him guilty. Appellant challenges the conviction, alleging that the trial court's instructions regarding the statute of limitations constituted reversible error. We affirm.
 
 
 2
 Appellant claims that he entered a conspiracy to distribute cocaine with several other individuals during the summer of 1986, but that his participation ended well before the critical date for the statute of limitations bar, February 26, 1987. Defense counsel anticipated the importance of the statute of limitations in its version of the jury instructions. The trial judge rejected the proffered instruction and instructed the jury that the government must prove:
 
 
 3
 First, that on or after February 26, 1987, and continuing up until June, 1987, the agreement specified in the indictment, and not some other agreement or agreements existed or continued to exist between at least two people to possess cocaine with the intent to distribute it.... Second, the government must prove that Dennis Liberge intentionally joined in this agreement.... In summary, for Dennis Liberge to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: first, that on or after February 26, 1987, and continuing up until June, 1987, an agreement to possess cocaine with the intent to distribute it existed or continued to exist; and second, that Dennis Liberge intentionally joined in or continued in that agreement.
 
 
 4
 Appellant offered two exceptions when queried by the judge. Neither objection raised the statute of limitations issue. The trial court denied the objections.
 
 
 5
 To preserve an objection to a jury instruction, a defendant must make a contemporaneous exception when the trial court instructs the jury, which apprises the judge of the basis of the asserted error. United States v. Mendoza-Acevedo, 950 F.2d 1, 4 (1st Cir. 1991); United States v. McGill, 932 F.2d 16, 17 (1st Cir. 1991); Fed. R. Crim. P. 30 ("No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections."). The rule is not a penalty for inartfully phrased objections, see 2 Charles Alan Wright, Federal Practice & Procedure, Crim. 2d § 484 (1982 & supp. 1993), but a frank recognition that a trial judge cannot correct errors of which he is unaware. The failure to object clearly, therefore, waives the issue. United States v. Glenn, 828 F.2d 855, 862 (1st Cir. 1987).
 
 
 6
 Appellant contends that in the context of this case and based on his previously requested instructions, the court knew or should have known that the critical issue for the jury was the statute of limitations requirement that Liberge was part of the conspiracy on or after February 26, 1987. The argument, however, does not serve appellant's cause.
 
 
 7
 The judge instructed the jury that the government must prove beyond a reasonable doubt that Liberge joined or continued as a member of a conspiracy that began or continued after February 26, 1987. Appellant failed to object after the instruction was given, as required by Rule 30 and First Circuit precedent. Mendoza-Acevedo, 950 F.2d at 4. The trial judge thus justifiably believed that he had addressed appellant's concerns regarding the statute of limitations bar. The two objections that appellant raised did not suggest that appellant continued to object to the instruction on the statute of limitations ground. Appellant argued that the instruction should have required the government to prove the existence of a conspiracy between five named individuals on or after February 26, 1987. This, of course, was not the government's burden and does not even vaguely suggest the judge erred with respect to the statute of limitations. The second objection addressed an entirely different point not relevant here. The statute of limitations issue therefore is waived.
 
 
 8
 Consequently, we may vacate appellant's conviction only if the instructional error was "plain." Mendoza-Acevedo, 950 F.2d at 4; McGill, 932 F.2d at 17. "The plain error hurdle is high." McGill, 932 F.2d at 17 (quoting United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989)). Viewing the charge as a whole, as we must, Glenn, 828 F.2d at 861, the jury could not have been misled by the judge's instruction on the government's burden.
 
 
 9
 The conviction is affirmed.