17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William H. WEBB, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 93-2156.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.[2]
 
 
 1
 Claimant William H. Webb appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services denying his application for disability benefits. On appeal, he argues the administrative law judge (ALJ) did not base his decision on substantial evidence. He also maintains the ALJ failed to follow Social Security Ruling 83-20. After carefully reviewing the record and applicable law, we affirm.
 
 
 2
 Our review of the agency decision is limited to determining whether the findings of the ALJ are based on substantial record evidence and whether correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). We have defined substantial evidence as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Baca v. Department of Health & Human Servs., 5 F.3d 476, 478 (10th Cir.1993) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Claimant argues the ALJ did not make a decision based on substantial evidence because he disregarded important record evidence.
 
 
 3
 The ALJ determined Mr. Webb did not have a severe impairment as that term is defined in the social security regulations. Those regulations provide that a claimant is not impaired unless he has a medical condition "which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c), 416.920(c); see also Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988)(at step two, "claimant must make a threshold showing that his medically determinable impairment ... significantly limits his ability to do basic work activities"). In light of the March 1983 expiration of his insured status, Mr. Webb had to prove he had a severe impairment prior to that date.
 
 
 4
 The medical records reveal Mr. Webb was hospitalized in January of 1973 complaining of a low backache. He was discharged with a diagnosis of a low back sprain. Progress notes indicate he was ambulating well upon discharge. The only other medical records are from 1988 and later. During the hearing before the ALJ, Mr. Webb testified he saw an osteopath in 1979 who treated him, but could not find anything objectively wrong. He also stated he saw at least two different chiropractors in the early eighties, neither of whom could identify any back problems.
 
 
 5
 Beginning in 1987, Mr. Webb sought treatment at the Veteran's hospital in Albuquerque. At that time, he was diagnosed with severe spinal stenosis.[3] On June 14, 1989, Patricia Mayfield, a physician's assistant at the veteran's hospital, wrote a letter describing Mr. Webb's impairments. She stated he had an eight-year history of "low back and neck pain." Appellant's App. at 116. The letter was not accompanied by objective findings, nor was it signed by a physician.
 
 
 6
 The record contains substantial evidence supporting the ALJ's determination that Mr. Webb did not have a severe impairment at the time his insured status expired. The available medical information does not support Mr. Webb's assertion that he was severely impaired in 1983. Moreover, he testified that although he saw several medical professionals in the seventies and early eighties, none of them could find anything objectively wrong with him. Mr. Webb maintains that regardless of the paucity of medical evidence, the letter from Patricia Mayfield is evidence of his earlier impairment, and was wrongfully disregarded.
 
 
 7
 A treating physician may retrospectively diagnose a disease which renders a claimant severely impaired. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348 (10th Cir.1990). In doing so, however, the physician must do more than make a conclusory statement about the diagnosis. "[R]etrospective diagnosis without evidence of actual disability is insufficient." Id. at 1349. Here, the ALJ disregarded Ms. Mayfield's letter because it was not accompanied by any objective findings. This was proper.
 
 
 8
 Mr. Webb also argues the ALJ erred because he did not follow Social Security Ruling 83-20, which describes the relevant criteria for determining disability onset dates. S.S.R. 83-20. He maintains that ruling requires the ALJ to evaluate lay evidence to infer an onset date where medical evidence is lacking. He also argues the ALJ should have called a medical advisor to establish an onset date. We agree with the Secretary, however, that the ruling is inapplicable in this case.
 
 
 9
 The policy statement accompanying Ruling 83-20 defines an onset date as "the first day an individual is disabled as defined in the Act and the regulations." S.S.R. 83-20. Thus, the onset date relates to the date of disability. Here, the ALJ determined Mr. Webb did not have a severe impairment. Substantial evidence supports that conclusion. Consequently, we do not reach the question of when any disability started. Without a severe impairment, there can be no disability. The ruling does not apply.
 
 
 10
 The decision of United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Spinal stenosis is a narrowing of the vertebrae in the back. Stedman's Medical Dictionary 1450, 1473 (25th ed.1990)