UNITED STATES of America, Plaintiff,

v.

Humbert CARRERAS, Defendant.

Cr. No. 93–302(HL).

United States District Court,
D. Puerto Rico.

April 11, 1994.

---

6. Plaintiff did not address his equal protection claim in his brief.

Edwin Vázquez, Hato Rey, PR, for the U.S.

Jorge L. Arroyo, San Juan, PR, for defendant.

### OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Defendant Humbert Carreras' ("Carreras") motion to suppress evidence.[1] Pursuant to a referral by this Court, an evidentiary hearing concerning the various suppression motions was held before Magistrate Judge Arenas on February 23, 24, and 28, 1994. On March 1, 1994, the Magistrate issued a Report and Recommendation in which he recommended that the motion to suppress be partially denied.[2]

---

1. Two separate motions to suppress evidence were originally filed in this action. One was filed by Carreras the other was jointly filed by defendants, Lisa Rodriquez and Nereida Rios. Only Carreras' motion to suppress was argued at the evidentiary hearing. Rodriquez' and Rios' joint motion was withdrawn.

2. Specifically, the Magistrate recommended the granting of the Motion to suppress in regard to the physical items seized from Carreras' person as well as any and all statements made by Carreras after entering the customs room. Nonetheless, the Magistrate recommended that the mo-

Both the government and Carreras timely filed objections to the Magistrate's Report and Recommendation. For the reasons set forth below, the Court only partially adopts Magistrate Judge Arenas' Report and Recommendation. The Court grants the motion to suppress only in regard to the statements made by Carreras.

## FACTUAL BACKGROUND

On September 19, 1993, Carreras was a passenger aboard a flight bound for New York City. At about 11:50, a trained and experienced drug-sniffing dog Jo–Jo alerted U.S. Customs canine enforcement officer, Wilfredo Cruz Colon to the presence of narcotics in ten separate suitcases on a luggage conveyor belt containing both domestic and international luggage. Colon brought this occurrence to the attention of his supervisor, Abraham Irizarry. Irizarry and Colon then contacted other customs officials to assist them in ascertaining the names of the persons associated with the luggage. Once said names were discovered and matched with the luggage tags, United States Customs agents went to the jet way area and told Carreras and the others to follow the agents. The agents then asked for the passengers' boarding passes. The agents also cursorily looked through Carreras' briefcase. Around noon, just ten minutes later, Carreras and the others were taken to a custom's enclosure room in the airport. They were told that they were not under arrest. Carreras and the other defendants were detained until 8:36 p.m., when they were formally arrested and read their Miranda rights.

During the estimated eight hour detention, Carreras was questioned by DEA agents Olivares and Irizarry. During the detention, Carreras requested a lawyer. He was told that he would not be getting one since he was not under arrest.

The Magistrate made several factual findings. First, he found that Carreras asked for an attorney after entering the customs room. He also found that Carreras was questioned after said request and not advised of his Miranda rights until more than eight hours after he entered the customs area. He

tion to suppress be denied concerning the suit-

was, however, read his rights on his formal arrest. The Magistrate further found that Carreras was under a de facto arrest without probable cause. Accordingly, he concluded that the detention of Carreras was unreasonable. Finally, the Magistrate concluded that the search of Carreras' baggage upon the alert of a fully trained drug-sniffing dog was valid.

## DISCUSSION

In the instant case both Carreras and the government have filed objections. The government challenges the Magistrate Judge's finding that the detention was unreasonable and that the statements were taken in violation of Carreras right to an attorney. In turn, Carreras argues that the suitcases were illegally searched prior to the issuance of a warrant and that he is entitled to a de novo hearing.

### A. The Airport Detention

■ There are three basic types of contact between officers and the public. *United States v. Flowers*, 909 F.2d 145, 147 (6th Cir.1990). The first type of contact is the one initiated by an officer without any reasonable suspicion, also known as the police-citizen encounter. This type of conduct is not relative to our inquiry. Second, there is the investigative stop, also known as the Terry stop. Here, a citizen is temporarily detained based upon "reasonable suspicion." This type of contact does not violate the fourth amendment as long as it is reasonable. Finally, there is the de facto arrest which must be based on probable cause to avoid offending the constitution.

■ The Supreme Court acknowledges that its decisions "may in some instances create difficult line-drawing problems in distinguishing an investigative stop from a de facto arrest." *U.S. v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). Nevertheless, there are several established factors which aid said determination. For instance, if an investigative stop continues indefinitely, at some point it can no longer be justified as a Terry stop, even where the

cases and their contents.

Court has imposed no rigid time limitations on Terry stops. *Sharpe,* 470 U.S. at 685, 105 S.Ct. at 1575. Second, it is generally accepted that a Terry stop usually cannot last longer than what is needed to allay an officer's suspicions or to effectuate the purpose of the stop. *United States v. Place,* 462 U.S. 696, 709, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); *Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983). Finally, in a Terry stop, an officer should act **diligently** in completing the investigation during the detention time. *Sharpe,* 470 U.S. at 685, 105 S.Ct. at 1575.

In *Place,* the Supreme Court addressed the issue of a 90 minute detention wherein the agents were trying to obtain a trained dog to sniff the luggage. The Court declined to adopt any outside time limitation for a Terry stop. Nevertheless, the Court stated that it had never approved the seizure of a person for a prolonged 90 minute period and refused to do so. *Place,* 462 U.S. at 696, 103 S.Ct. at 2638; *See also United States v. Codd,* 956 F.2d 1109 (11th Cir.1992) (2½ hour detention of defendant at airport held unreasonable.); *United States v. Hardy,* 855 F.2d 753, 761 (11th Cir.1988) (fifty minute detention due to wait for arrival of a drug-sniffing dog held reasonable).

■ *Place* precludes categorizing the eight hour confinement in the instant case as a reasonable detention. While it was a permissible Terry stop in its initial stages, it was converted into a de facto arrest. As the Magistrate Judge found, Carreras was detained for over eight hours, all of which occurred after the government had already been alerted to the presence of narcotics in Carreras' luggage by a drug sniffing canine.

■ Even though the Court finds that the detention was unreasonable, The Court does not adopt the Magistrate Judges' recommendation that the items seized from Carreras' person be suppressed. The seizure was not the result of an illegal act. Once the detention became unreasonable, a de facto arrest supported by probable cause occurred. Accordingly, the motion to suppress the physical items seized from defendant's person on the ground that the detention violated the fourth amendment must be denied.

In a recent opinion, this district court has held that probable Cause to arrest individuals suspected of transporting illegal drugs in an airport may be proven with "evidence of a strong alert by a narcotics dog [to the odor of drugs in a specific container], evidence that the dog was reliable and evidence linking the container to the individual arrested." *United States v. Colon,* 845 F.Supp. 923, 928 (D.P.R. 1994) *See also Royer,* 460 U.S. at 506, 103 S.Ct. at 1329 (stating that a positive result from a canine alert would have resulted in defendant's justifiable arrest on probable cause.) (plurality opinion); *United States v. Sokolow,* 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (positive alert from a canine sniff may be used as probable cause to obtain a warrant to search the luggage.); *United States v. Wiliams,* 726 F.2d 661, 663 (10th Cir.1984) (declaring that dog alert to luggage alone gives probable cause for arrest.)

A reasonable reading of the record shows that the agents acted with an abundance of caution in trying to obtain a search warrant when they could have arrested defendant on probable .cause stemming from the positive alert by the drug sniffing dog and the linking of the drug filled luggage with defendant at the early stage of the detention. The circumstances confronting the DEA agents in the instant case illustrate that there was probable cause for defendant's de facto arrest. The evidence establishes the strength of the particular dog alert, the reliability of the canine enforcement officer as well as the trained and experienced drug-sniffing canine Jo–Jo and, finally, the link between the suitcases and defendant Carreras.

### B. Carreras' Statements

■ Once an accused has invoked his right to counsel, he cannot be subject to further interrogation until counsel has been afforded. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *United States v. Browne,* 891 F.2d 389 (1st Cir.1989). The only exception to this principle is where the accused himself initiates further conversation. *Edwards,* 451 U.S. at 482–86, 101 S.Ct. at 1884–85. A waiver of the right to counsel is not established by merely showing that the accused "responded to further police initiated

custodial interrogation even if he has been advised of his rights" *Id.*

In *Browne*, the interrogator continued questioning the accused even after the accused had asserted his right to counsel. The First Circuit reversed the defendant's conviction and remanded the case for a new trial, holding that the statements must be suppressed. The Court held that any statement made after an accused has invoked his right to counsel and the police have initiated further interrogation cannot be the result of waiver, and are instead presumed to be the product of compulsion. *Browne*, 891 F.2d at 394.

■ Magistrate Judge Arenas determined that Carreras did in fact request an attorney after entering the customs room and prior to making any incriminating statements. The record clearly supports this conclusion and the Court is not likely to disregard findings buttressed by the record.

■ The Government makes several arguments against the Magistrate Judge's recommendation. First, they contend that Carreras never specifically asserted his request for counsel to DEA agent Irizarry. Even if this contention were true, it would not alter the result. Carreras' right to counsel under *Edwards v. Arizona* is not wiped out simply because Carreras did not make a specific request for counsel to agent Irizarry. *See United States v. Mendoza–Acevedo*, 950 F.2d 1, 2 (1st Cir.1991) (newly arrived customs agent improperly initiated questioning following defendant's assertion of his right to counsel.)

The government also asserts that the record demonstrates that during the first day of the hearing Carreras only testified that he had requested an attorney after he arrived in the DEA office and that it was only upon direct examination the following day that Carreras mentioned that he requested an attorney "throughout the whole thing." The Court is unpersuaded. The record clearly shows that on both the first and second day

of the hearing, Carreras stated that he asked for attorney during the entire day. The transcript does not support the government's assertion that Carreras changed his testimony regarding his request for an attorney.

Third, the government claims that the suppression motion should never have been entertained since the defendant never admitted to making any inculpatory statements. This argument also fails to persuade the Court. Throughout the evidentiary hearing, the Magistrate Judge instructed Carreras not to discuss the substance of the statements in controversy. While the statements were never particularized at the hearing, the record clearly illustrates that Carreras never contested the fact that such statements were made and were part of the DEA 6 Form presented in evidence.

■ Finally, the government maintains that the exception to *Edwards v. Arizona* applies in the instant case because it was Carreras and not the government who initiated questioning. The record belies this argument.

### C. Suitcase/Contents

Having disposed of the government's objections, the Court now turns to the arguments raised by defendants Carreras to the Report and Recommendation. Carreras first claims that the suitcases were improperly searched before the securing of the search warrant. The record in no way supports Carreras' assertion that the suitcases were opened prior to the execution of the search warrant.

■ The fully trained drug sniffing canine alerted the officer to the presence of narcotics. This supplies at the least probable cause for a search of the baggage with a proper warrant. *Sokolow*, 490 U.S. at 6, 109 S.Ct. at 1585; *United States v. Ludwig*, 10 F.3d 1523, 1527–28 (10th Cir.1993) As the Magistrate correctly points out, the warrant's validity has not been questioned.[3] Ac-

---

**3.** The government contends that the motion to suppress the suitcases and their contents should also be denied on the ground that Carreras lacks standing to challenge the search and seizure of the suitcases since he disclaimed ownership in

them. See *United States v. De Los Santos Ferrer*, 999 F.2d 7 (1st Cir.1993). The Court need not address this issue since the motion to suppress is denied due to the dog alert and subsequent valid search warrant.

cordingly, any issue regarding the validity of the search warrant is deemed waived. *See U.S. v. Nunez,* 19 F.3d 719, 721–22 (1st Cir. 1994); *See Also* F.R.C.P. 12(b)(3), 12(c); scheduling order filed on March 14, 1994, setting March 24, 1994 as the closure date for the filing of dispositive motions and motions to suppress (Docket # 63).

 Defendant Carreras further claims that he is entitled to a de novo evidentiary hearing since he raises specific facts which show he is entitled to relief. The Court is unpersuaded. First, Carreras' request fails to state what specific facts entitle him to said hearing. Second, on review of the entire record, nothing is lacking that would prevent the Court's determination of this issue. Accordingly, no de novo hearing is required in the instant case. *See United States v. Doe,* 786 F.Supp. 1073, 1078 (D.P.R.1991).

WHEREFORE, Carreras' motion to suppress regarding the suitcases, their contents, and the physical items seized from Carreras person is denied. Carreras' motion to suppress concerning the statement made by him while in custody is hereby granted.

**IT IS SO ORDERED.**