[Not for Publication - Not to be Cited as Precedent]

# United States Court of Appeals
## For the First Circuit

No. 00-1592

UNITED STATES,

Appellee,

v.

ADALBERTO BONILLA, A/K/A EDDIE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Stahl, and Lynch,
Circuit Judges.

Joseph S. Oteri, with whom Oteri, Weinberg & Lawson, Kimberly Homan, and Sheketoff & Homan, were on brief, for appellant.

S. Theodore Merritt, Assistant United States Attorney, with whom Amy B. Lederer, Assistant United States Attorney, and Donald K. Stern, United States Attorney, were on brief, for appellee.

April 9, 2001

**Per curiam**.    In  this  appeal,  defendant-appellant
Alberto Bonilla urges us to vacate his convictions under Fed. R.
Crim. P. 52(b) on the ground that jury instructions to which he
lodged  no  objection  were  plainly  erroneous,  affected  his
substantial  rights,  and  "seriously  affect[ed]  the  fairness,
integrity or public reputation of [the] judicial proceedings" in
which he was convicted.  United States v. Olano, 507 U.S. 725,
736-37 (1993) (describing situations in which appellate courts
should exercise the limited power Rule 52(b) confers) (internal
quotation marks omitted).  Bonilla makes two specific arguments
in support of this request in his well-written appellate brief.
First,  he  argues  that  the  instructions  on  Count  IV,  which
charged him with aiding and abetting the use and carrying of a
firearm during and in relation to the specific federal crimes
charged in Counts I-III, constructively amended the indictment
by permitting him to be convicted of aiding and abetting the use
and carrying of a firearm during and in relation to one or more
uncharged offenses.  Second, he asserts that the instructions on
reasonable  doubt,  which  in  several  instances  juxtaposed  the
concepts of guilt and innocence, undercut the presumption of
innocence and reduced the government's burden of proof.  See,
e.g., United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998)

-3-

(cautioning against use of the term "innocence" in reasonable doubt instructions because it might prompt the jury "to convict where the evidence, though inadequate to prove guilt beyond a reasonable doubt, nonetheless indicated that the defendant may not have been 'innocent'") (citation omitted); United States v. Andujar, 49 F.3d 16, 24 (1st Cir. 1995) (similar); United States v. Mendoza-Acevedo, 950 F.2d 1, 4 (1st Cir. 1991) (similar).

We have read the record and conclude that, even if the challenged instructions were less than ideal, this is not a case that warrants an exercise of our discretion to notice any errors under Rule 52(b). With respect to the instructions on Count IV, it suffices to observe that it was all but undisputed that the home invaded by Bonilla's confederates was targeted because it was thought to contain drugs and drug money, and that the evidence was more than sufficient to support the conclusion that Bonilla aided and abetted the use and carrying of the firearms employed in this home invasion. Thus, notwithstanding the absence of unanimous verdicts on Counts I-III and the jury's question about drugs, we do not regard the conviction on Count IV as a "miscarriage of justice" within the meaning of Olano. See 507 U.S. at 736-37. With respect to the reasonable doubt instructions, it suffices to note that the instructions as a whole clearly explained the presumption of innocence and

repeatedly emphasized the government's burden of proof.  We thus are confident that the instructions adequately informed the jury that it should not convict Bonilla unless it was satisfied that the government had proved him guilty beyond a reasonable doubt. See, e.g., DeLuca, 137 F.3d at 37; Andujar, 49 F.3d at 24-25; Mendoza-Acevedo, 950 F.2d at 4-5.

Affirmed.