Moriarty v. SSA                    07-CV-342-SM   03/31/09

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Daniel Moriarty,
     Claimant

     v.                                    Civil No. 07-cv-342-SM
                                           Opinion No. 2009 DNH 044
Michael J. Astrue, Commissioner,
Social Security Administration,
     Respondent


                         **O R D E R**


     By prior order, the court vacated the Commissioner's denial

of Daniel Moriarty's application for Social Security Disability

Benefits and remanded the case for further proceedings (document

no. 15) (the "August Order").  Mr. Moriarty now moves for an

award of attorney's fees and costs under the Equal Access to

Justice Act.  The Commissioner opposes claimant's motion for fees

on grounds that the government's litigation position and agency

action in this case were both "substantially justified" within

the meaning of the EAJA.


     For the reasons set forth below, claimant's motion for an

award of attorney's fees is denied.

**Standard of Review**

The Equal Access to Justice Act ("EAJA") provides, in pertinent part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis supplied). The EAJA is unlike typical fee-shifting statutes, which generally authorize an award of costs and/or reasonable attorney's fees to a "prevailing party." Instead, to recover fees under the EAJA, a party must not only prevail, but the court must also conclude that the government's position was not substantially justified. See <u>McDonald v. Secretary of Health & Human Services</u>, 884 F.2d 1468, 1469-70 (1st Cir. 1989) ("Under EAJA, . . . the government must foot the legal bills of its adversaries . . . only if the adversaries 'prevail' and if the government's position is not 'substantially justified.'").

Under the EAJA, the "government's position" in this case includes not only the Commissioner's arguments before this court, but also the conduct of both the administrative law judge ("ALJ")

2

in denying claimant's application for benefits and the Appeals Council's decision to decline review. See 28 U.S.C. § 2412(d)(2)(D) ("'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). See also Cummings v. Sullivan, 950 F.2d 492, 497 (7th Cir. 1991); Brunel v. Commissioner, Social Sec. Admin., 2000 WL 1815946, 2 (1st Cir. 2000).

In opposing a party's request for fees under the EAJA, the government bears the burden of demonstrating that its position was substantially justified. See, e.g., Scarborough v. Principi, 541 U.S. 401, 414 (2004) ("The burden of establishing 'that the position of the United States was substantially justified,' § 2412(d)(1)(A) indicates and courts uniformly have recognized, must be shouldered by the Government."). See also McDonald, 884 F.2d at 1475. The Supreme Court has explained that the government carries its burden by demonstrating that its position had "a reasonable basis in law and fact" and was justified "to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 and 566 n.2 (1988). In other words, the government's position will be considered "substantially justified" if "reasonable people could differ as to the

3

appropriateness of the contested action." Id. at 565 (citation and internal punctuation omitted).

## Background

For the reasons discussed more fully in the court's prior opinion, this case presented an especially difficult fact pattern for the ALJ. Claimant served in the military from 1968 to 1970 and is a veteran of the Vietnam War. He currently suffers from post-traumatic stress disorder ("PTSD") and its chronic symptoms, including anxiety, depression, sleep disturbances, flashbacks, social isolation, and panic attacks. Unfortunately, however, there are no medical records documenting his illness prior to his date last insured, which was nearly 20 years ago (September 30, 1979). Accordingly, the ALJ concluded that "the objective medical evidence contained in the record does not establish the existence of a medically determinable impairment through the date last insured that could have reasonably been expected to produce the claimant's symptoms." Administrative Record at 19-20. Given that finding, the ALJ determined that claimant was not disabled, as that term is defined in the Act.

In granting claimant's motion to remand this matter for further proceedings, the court noted that the ALJ correctly recognized that objective medical evidence is necessary to

4

establish the <u>existence</u> of a disabling impairment.  But, the court went on to note that if a claimant is found to suffer from a disabling impairment, objective medical evidence, while preferred, is not essential to resolving the <u>onset</u> <u>date</u> of that disability.  The court then held that in cases such as this:

> The first step in the inquiry is to determine whether claimant is <u>currently</u> disabled.  If so, the next step is to determine the onset date of that disability. And, critically, the absence of medical evidence prior to the expiration of claimant's insured status is not dispositive of his assertion that he suffered from a disabling mental impairment during that period.

August Order at 16 (emphasis in original).  In support of its holding, the court relied upon the provisions of Social Security Ruling 83-20, entitled "Titles II and XVI: Onset of Disability." That SSR provides, among other things, that when medical records establishing a claimant's onset date are lacking and that date must be inferred, the ALJ "should call on the services of a medical advisor."  <u>Id.</u>, 1983 WL 31249 at *3.  The court also pointed out that another judge on this court (Barbadoro, J.) had, only a week earlier, reached a similar interpretation of SSR 83-20.  August Order at 18-19 (citing <u>Ryan v. Commissioner, Social Sec. Admin.</u>, 2008 DNH 148 (D.N.H. Aug. 21. 2008)).

5

## Discussion

As noted above, to defeat claimant's request for attorney's fees under the EAJA, the government bears the burden of demonstrating that its position was substantially justified. As the Supreme Court has held, that burden is not particularly onerous: the government need not show that its position was "justified to a high degree." Pierce, 487 U.S. at 565. Instead, it need only demonstrate that its position was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Id. In this case, the government has met that burden.

Specifically, the government has demonstrated that there is a substantial divergence of opinion concerning the proper interpretation of SSR 83-20 and the circumstances under which an ALJ is obligated to call a medical advisor to assist in determining a claimant's onset of disability date. Compare Nix v. Barnhart, 160 Fed. Appx. 393, 2005 WL 3505246 (5th Cir. Dec. 23, 2005) (holding that, absent an ALJ's finding of disability, there is no need to infer an onset date and, therefore, SSR 83-20 does not apply); Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997) (same); Webb v. Sec'y of Health & Human Services, 1994 WL 50459 (10th Cir. Feb. 22, 1994) (same) with Bailey v. Chater, 68 F.3d 75, 79 (4th Cir. 1995) (holding that when evidence of onset

is ambiguous, SSR 83-20 requires the ALJ to consult a medical consultant); Grebenick v. Chater, 121 F.3d 1193, 1201 (8th Cir. 1997) (same).

This court remains persuaded that SSR 83-20 obligated the ALJ to: (1) determine whether claimant was disabled as of his application date; and, if so, (2) then determine the onset date of that disability by, if appropriate, calling upon a medical advisor. See August Order at 15-16. See also Ryan, 2008 DNH 148, at 18-19. Nevertheless, the Court of Appeals for the First Circuit has yet to address this issue and the "correct" interpretation of SSR 83-20 was plainly open to reasonable debate. That point is unmistakably illustrated by the cases cited above, as well as those cited in the government's objection.

Given the ongoing debate concerning the proper interpretation of SSR 83-20 and the obligations its imposes on ALJs, this court is compelled to conclude that the government's position in this case was substantially justified. In short, it is plain that reasonable minds could have (and did) differ as to the meaning of SSR 83-20. And, that debate extended to whether the ALJ in this case should have called upon the services of a medical consultant to determine the onset date of claimant's

7

(alleged) disability when the case was before the Administration.[1]  Consequently, claimant is not entitled to an award of attorney's fees under the EAJA in this case.  See, e.g., Kelly v. Astrue, 2007 WL 4206169 (D.Me. Nov. 28, 2007) (denying Social Security claimant's request for fees under circumstances very similar to those presented in this case).

## Conclusion

In light of the foregoing, the court concludes that the Commissioner has carried his burden of demonstrating that his position throughout this process was "substantially justified." See 28 U.S.C. § 2412.  As a result, claimant is not entitled to an award of reasonable attorney's fees and his initial request for fees (document no. 18), as well as his supplemental request for fees (document no. 23) are denied.

The Clerk of Court shall enter an amended judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 31, 2009

---

[1]     In its August Order, the court specifically stated that it was not ruling on whether claimant is currently disabled.  Id. at 2-3.

cc:  Raymond J. Kelly, Esq.
     T. David Plourde, Esq.