John DOE, et al., Plaintiffs, Appellees,

v.

Dr. Gregory ANRIG, Defendant,
Appellant.

John DOE, et al., Plaintiffs, Appellees,

v.

Dr. Gregory ANRIG, Defendant,
Appellee.

The School Committee of Westwood,
Defendant, Appellant.

Nos. 83-1475, 83-1476.

United States Court of Appeals,
First Circuit.

Argued Nov. 7, 1983.

Decided Feb. 24, 1984.

Linda M. Irvin, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for Commissioner of Education for the Com. of Massachusetts.

Anne M. Vohl, Burlington, Mass., for John Doe, et al.

Before COFFIN, Circuit Judge, SWYGERT,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

The School Committee of Westwood ("Westwood") and the appellees disagreed about the "appropriate" education to which the Education for All Handicapped Children Act, 20 U.S.C. §§ 1400 *et seq.; see also* Mass.Gen.Laws Ann. ch. 71B (West 1982 & 1983 Supp.), entitles appellees' handicapped

* Of the Seventh Circuit, sitting by designation.

son. The appellees wished to keep their son in a special private institution (paid for by Westwood); Westwood wished to move him to a public school. While the parties engaged in litigation, the boy remained in the private school, with the parents and the town sharing the expense. Eventually, the parents won. They obtained a federal court finding that the private setting, not the public setting, was "appropriate." Memorandum Opinion of Oct. 6, 1981, at 6–7. They also obtained a district court ruling that Westwood must reimburse them for their private school educational expenses for the period covered by the litigation.

On appeal, this court found that federal law—which authorizes the district court to "grant such relief as the court determines is appropriate," 20 U.S.C. § 1415(e)(2)—did not authorize the district court to order reimbursement of these expenses. *Doe v. Anrig,* 692 F.2d 800 (1st Cir.1982) (*Doe v. Anrig I*). We remanded the case for the district court to determine whether state law might nonetheless authorize the expense award. The district court, 561 F.Supp. 121, while criticizing our interpretation of federal law, went on to find that state law authorized the expense award anyway. And it awarded the appellees their claimed expenses. Westwood and the Commonwealth appeal, attacking the district court's state law finding.

Since the time the district court decided this case, we have come to accept its criticisms. Just recently, in *Doe v. Brookline School Committee,* 722 F.2d 910 (1st Cir.1983), we reconsidered the interpretation of federal law set forth in *Doe v. Anrig I,* and we concluded that it was erroneous. We held, instead, that the language, "grant such relief as the district court determines is appropriate," allows a district court to award expenses of the sort here at issue. Thus, there is now no question in this circuit but that federal law authorizes the district court to make the expense award that it made.

We believe it appropriate to apply this current law to the case before us. "The general rule . . . is that an appellate court must apply the law in effect at the time it renders its decision." *Thorpe v. Housing Authority,* 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969). And there is no reason to make an exception here. The "law of the case" doctrine does not compel a different result. That doctrine "does not rigidly bind a court to its former decisions, but is only addressed to its good sense." *Higgins v. California Prune & Apricot Grower, Inc.,* 3 F.2d 896, 898 (2d Cir.1924) (L. Hand, J.). *See Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (Holmes, J.) ("the phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power"); *Acton Corp. v. Borden, Inc.,* 670 F.2d 377, 379 n. 2 (1st Cir.1982); *Appleton Electric Co. v. Graves Truck Line, Inc.,* 635 F.2d 603 (7th Cir.1980), *cert. denied,* 451 U.S. 976, 101 S.Ct. 2058, 68 L.Ed.2d 357 (1981); *Crane Co. v. American Standard, Inc.,* 603 F.2d 244, 248 (2d Cir.1979). The parties here have not relied in any relevant way on *Doe v. Anrig I;* to apply the current rule prejudices no one; and to do so avoids the need to explore a difficult question of state law in an area in which state and federal standards are, in any event, intertwined, *see* 20 U.S.C. § 1415(a) (federal provisions establish minimum standards for procedures under state law); *cf. Town of Burlington v. Department of Education,* 655 F.2d 428, 431–32 (1st Cir.1981) (discussing interaction between state and federal procedures). Thus, what makes "good sense" here is to apply *Brookline.*

Of course, *Brookline* authorizes reimbursement of expenses; it does not compel payment. Rather, it leaves such remedial questions in the first instance to the judgment of the district court. But the district court here has already made very clear that it would award the claimed expenses under federal law, if it had the power. It did so the first time around; it said as much the

second time; and it ended up by awarding the expenses anyway under state law. The parties have stipulated as to the amounts, so there is no fact at issue. Thus, there is no need for a remand.

■ We are, of course, free to affirm a district court's decision "on any ground supported by the record even if the issue was not pleaded, tried, or otherwise referred to in the proceedings below." *Brown v. St. Louis Police Department,* 691 F.2d 393, 396 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983). *Accord, SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943); *Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 157, 82 L.Ed. 224 (1937); *Seattle Times Co. v. Seattle Mailer's Union No. 32,* 664 F.2d 1366, 1369 & n. 2 (9th Cir.1982); *PAAC v. Rizzo,* 502 F.2d 306, 308 & n. 1 (3rd Cir.1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975); *Walmac Co. v. Isaacs,* 220 F.2d 108, 114 (1st Cir. 1955). The district court's judgment is adequately supported, given our intervening decision in *Brookline.* Therefore, that judgment is

*Affirmed.*