52 F.3d 309
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Dennis SIROIS, Plaintiff, Appellant,
v.
MAINE STATE PRISON, et al., Defendants, Appellees.
 No. 94-1480.
 United States Court of Appeals,
First Circuit.
 April 11, 1995.
 
 Dennis Sirois on brief pro se.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 Dennis Sirois appeals the dismissal pursuant to 28 U.S.C. Sec. 1915(d) of his pro se complaint alleging constitutionally deficient medical treatment. His suit under 42 U.S.C. Sec. 1983-against the prison entity, its warden and deputy warden, a medical administrator, a John Doe nurse, and the entire medical staff at the prison-alleged various instances of failure to provide medical treatment. Specifically, Sirois claimed that the defendants refused to treat an abscess that resulted from an injection of medication administered on March 2, 1994. The complaint sought declaratory and injunctive relief, as well as monetary damages. The magistrate-judge recommended that the complaint be dismissed as frivolous. Sirois objected, but the district court adopted the recommended decision and dismissed the complaint.
 
 
 2
 Although the district court may have erred in dismissing the complaint as frivolous under Sec. 1915(d) since Sirois' claims are at least arguable, see Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), we nonetheless affirm on the basis that the error was harmless. See J.E. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 59 (1940); Doe v. Anrig, 728 F.2d 30, 32 (1st Cir. 1984).
 
 
 3
 To state a cognizable Eighth Amendment claim based on medical mistreatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Our review of the record satisfies us that Sirois has not alleged medical needs of sufficient seriousness to warrant Eighth Amendment scrutiny. Hudson v. McMillian, 112 S. Ct. 995, 1000 (1992). The condition suffered as a result of the injection appears to have been relatively minor. There are no allegations of fever, and Sirois was vague about the severity and duration of pain, as well as the number of treatment requests made. It is acknowledged that the condition was treated after the filing of this complaint, seemingly to Sirois' satisfaction. Even treating his objections to the magistrate's recommended decision as amendments, we are persuaded that the complaint failed to state a cognizable Eighth Amendment claim.
 
 
 4
 Affirmed.