USCA1 Opinion

 

 April 11, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1480 DENNIS SIROIS, Plaintiff, Appellant, v. MAINE STATE PRISON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Dennis Sirois on brief pro se. _____________ ____________________ ____________________ Per Curiam. Dennis Sirois appeals the dismissal __________ pursuant to 28 U.S.C. 1915(d) of his pro se complaint ___ __ alleging constitutionally deficient medical treatment. His suit under 42 U.S.C. 1983 -- against the prison entity, its warden and deputy warden, a medical administrator, a John Doe nurse, and the entire medical staff at the prison -- alleged various instances of failure to provide medical treatment. Specifically, Sirois claimed that the defendants refused to treat an abscess that resulted from an injection of medication administered on March 2, 1994. The complaint sought declaratory and injunctive relief, as well as monetary damages. The magistrate-judge recommended that the complaint be dismissed as frivolous. Sirois objected, but the district court adopted the recommended decision and dismissed the complaint. Although the district court may have erred in dismissing the complaint as frivolous under 1915(d) since Sirois' claims are at least arguable, see Neitzke v. ___ _______ Williams, 490 U.S. 319, 327-28 (1989), we nonetheless affirm ________ on the basis that the error was harmless. See J.E. Riley ___ ___________ Inv. Co. v. Commissioner, 311 U.S. 55, 59 (1940); Doe v. _________ ____________ ___ Anrig, 728 F.2d 30, 32 (1st Cir. 1984). _____ To state a cognizable Eighth Amendment claim based on medical mistreatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, _______ ______ -2- 429 U.S. 97, 106 (1976). Our review of the record satisfies us that Sirois has not alleged medical needs of sufficient seriousness to warrant Eighth Amendment scrutiny. Hudson v. ______ McMillian, 112 S. Ct. 995, 1000 (1992). The condition _________ suffered as a result of the injection appears to have been relatively minor. There are no allegations of fever, and Sirois was vague about the severity and duration of pain, as well as the number of treatment requests made. It is acknowledged that the condition was treated after the filing of this complaint, seemingly to Sirois' satisfaction. Even treating his objections to the magistrate's recommended decision as amendments, we are persuaded that the complaint failed to state a cognizable Eighth Amendment claim. Affirmed. Affirmed. ________ -3-