# United States Court of Appeals
## For the First Circuit

No. 12-1261

UNITED STATES,

Appellee,

v.

RAMON ZORRILLA-ECHEVARRÍA,

Defendant, Appellant,

ANDRES CASTILLO-PEÑA,

Claimant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, <u>Chief Judge</u>,

Howard and Kayatta, <u>Circuit Judges</u>.

Luis Rafael Rivera and Rivera Law Office on brief for appellant.

Nelson Pérez-Sosa, Assistant United States Attorney, Thomas F. Klumper, Assistant United States Attorney, and Rosa Emilia Rodriguez-Velez, United States Attorney, on brief for appellee.

July 18, 2013

**KAYATTA, Circuit Judge**.    Appellant  Ramon  Zorrilla-Echevarría was caught smuggling approximately $543,000, hidden in two  false  doors,  from  Mayaguez,  Puerto  Rico  to  the  Dominican Republic.    United  States  Customs  and  Border  Patrol  ("CBP")  agents arrested him and seized the cash, which CBP has continued to hold. Zorrilla-Echevarría's case was tried to a jury, which convicted him on charges of bulk cash smuggling and failure to report the export of currency.

The  cash  used  by  Zorrilla-Echevarría  was  forfeitable  to the United States as "property used . . . in any manner or part, to commit"  a  violation  of  the  bulk  smuggling  and  failure  to  report statutes.    21 U.S.C. § 853(a)(2).    All the district court need have done  was  issue  an  order  as  part  of  Zorrilla-Echevarría's  sentence specifying  both  the  forfeiture  of  the  cash  to  the  United  States Treasury, id. § 853(a), and authorizing the Attorney General to seize the cash, id. § 853(g).    The Attorney General would then have directed the disposition of the cash, "making due provision for the rights  of  any  innocent  persons."    Id. § 853(h), (n).

Instead,  at  the  government's  behest,  the  district  court entered  a  series  of  orders  and  amendments,  which  ultimately resulted  in  the  entry  of  a  personal  judgment  against  Zorrilla-Echevarría  in  the  amount  of  the  cash.    Zorrilla-Echevarría initially  filed  an  appeal  from  the  entry  of  that  money  judgment against  him,  but  he  then  dropped  that  appeal.    After  further

-2-

activity by the district court, including the entry of an order of attachment, see United States v. Zorrilla-Echevarría, Criminal No. 07-448(JAF), 2010 WL 987783, at *3 (D.P.R. Mar. 12, 2010), Zorrilla-Echevarría appealed again, as did a third party, Andres Castillo-Peña, who claimed the cash belonged to him. See United States v. Zorrilla-Echevarría, 671 F.3d 1, 7-9 (1st Cir. 2011).

Thus arrived this case on our docket in 2011, like a train passenger disembarking at the wrong station and finding that none of the standard directions for going forward seemed to fit. Cf. Atieh v. Riordan, ___ F.3d ___, No. 12-2314, 2013 WL 3156511, at *1 (1st Cir. June 24, 2013) ("When parties lead a court down a path that ignores proper procedure, bad things often happen."). All told, the unfortunate detours included the unnecessary entry of a judgment for the value of the money rather than a forfeiture of the money itself, a dropped appeal resulting in waiver of any objection to the entry of that judgment, and the "attachment" of the cash without a third-party hearing.

Making the best of it, we rejected all of Zorrilla-Echevarría's previous challenges on appeal, remanding the case to the district court to provide Castillo-Peña with the mandatory hearing to which he would have been entitled had the proper procedures been followed. The district court conducted that hearing and found that Castillo-Peña had no cognizable interest in the cash. He has not appealed from that order, so he lacks

standing to bring any other appeal. E.g., United States v. Andrews, 530 F.3d 1232, 1237 (10th Cir. 2008) ("[I]f the property does not belong to the third party, . . . defects in the finding of forfeitability are no concern of his.").

That leaves Zorrilla-Echevarría. He wishes to extend this overly long journey still further, apparently hoping that additional mischief might play out with the cash back in his hands. Toward that apparent end, he requests that we simply reverse the district court's § 853(p) order of seizure.[1]

We refuse to do so. Instead, we bring this misbegotten journey to an end by leaving the cash in the hands of the United States.[2] Zorrilla-Echevarría has been found by a jury to be guilty of the crimes charged; the statute clearly provides for forfeiture

---

[1] In one section of his brief on appeal, Zorrilla-Echevarría cryptically suggests that the civil forfeiture procedures of 18 U.S.C. § 983 are applicable in this criminal case, and that under § 983, the government's time to file a civil complaint of forfeiture has expired, even though an indictment and forfeiture order were long ago entered in this proceeding. Zorrilla-Echevarría offers no explanation for why the civil forfeiture rules would apply in this action or for how they would lead to the claimed result. Accordingly, his argument along those lines is waived. See, e.g., Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988).

[2] The precise amount of cash has, like much else in this litigation, been a moving target. E.g., United States v. Zorrilla-Echevarría, 671 F.3d 1, 2 n.1 (1st Cir. 2011). Nevertheless, there is now no dispute that the district court ordered--and ordered satisfied--a money judgment order against Zorrilla-Echevarría in the amount of $543,731. United States v. Zorrilla-Echevarría, Civil No. 07-0448(JAF), 2012 WL 359745, at *2-3 (D.P.R. Feb. 2, 2012). It is that order that we now affirm.

of the cash used in the attempted smuggling, see 31 U.S.C. § 5332; that very cash is undisputedly available for forfeiture; and the rights of all possible third parties have been adjudicated. The only problem is that rather than a simple forfeiture order under § 853(p), we have on the record a money judgment and, now, a misapplication of 853(p) to the actual property used in the crime. United States v. Zorrilla-Echevarría, Civil No. 07-0448(JAF), 2012 WL 359745, at *2-3 (D.P.R. Feb. 2, 2012).

"We are, of course, free to affirm a district court's decision on any ground supported by the record even if the issue was not pleaded, tried, or otherwise referred to in the proceedings below." Doe v. Anriq, 728 F.2d 30, 32 (1st Cir. 1984) (quotation marks omitted). Throughout the course of these proceedings, Zorrilla-Echevarría has strenuously insisted that the cash the government seized is in fact "nexus" property, used in the commission of the offense, under § 853(a) and 21 U.S.C. § 5332. To affirm, we therefore do not need to decide whether or when property other than "nexus" property itself may be turned over to satisfy a money judgment order of forfeiture without following the procedures of § 853(p). Cf. Zorrilla-Echevarría, 671 F.3d at 11 n.15 ("Th[e] distinction is relevant because there are particular procedures in place governing forfeiture of substitute property." (citing Fed. R. Crim. P. 32.2(e) (2010))); United States v. Misla-Aldarondo, 478 F.3d 52, 73 (1st Cir. 2007). Rather, we need only hold that, as

anticipated in our prior ruling, the United States may now retain the nexus property in satisfaction of the money judgment entered against Zorrilla-Echevarría.

 <u>Affirmed</u>.