**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2949
_____

In re:  ALSON ALSTON,
d/b/a Alston Business Consulting d/b/a Songhai City LLC,
d/b/a Songhai Enterprises LLC, agent of Songhai City Entertainment LLC,
agent of Songhai City Real Estate LLC, agent of Encore General Merchandise LLC,
agent of Encore General Store, agent of Dragon Management Services
a/k/a Alson Alston,
                                                                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 17-cv-00185)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2018
Before:  GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: February 15, 2019)
_____

OPINION[*]
_____

PER CURIAM

Alson Alston appeals pro se from the District Court's judgment affirming the

Bankruptcy Court's orders dismissing sua sponte his Chapter 11 bankruptcy case and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

denying his motion for reconsideration. For the following reasons, we will affirm.

In 2014, Alston filed a petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Pennsylvania. According to his schedules, Alston owned nine real estate properties valued at $1.8 million, which were encumbered by mortgages totaling over $2 million, and he had over $336,000 in unsecured debt. Over the course of two years, Alston filed six amended disclosure statements, and two "corrected" disclosure statements, each of which was met with numerous objections by creditors. After a show cause hearing on the Sixth Amended Disclosure Statement, the Bankruptcy Court sua sponte dismissed the case for cause under 11 U.S.C. § 1112(b). It subsequently denied Alston's motion for reconsideration brought pursuant to Fed. R. Bankr. P. 9023. On appeal, the District Court affirmed.

The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1), and we have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) & 1291. Because the District Court "sat as an appellate court in reviewing this matter, our own review of that court's factual and legal determinations is plenary." Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1223 (3d Cir. 1995). "[W]e review the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof." In re Goody's Family Clothing, Inc., 610 F.3d 812, 816 (3d Cir. 2010) (citation omitted).

Alston first argues that the District Court erred in limiting its review to the orders dismissing the case and denying the motion for reconsideration. In addition to these two

orders, Alston noted in his brief in the District Court, under the section labeled "Basis for Appellate Jurisdiction," that he "also appeals" from "the order of June 9, 2016; the bench order of July 12, 2016, and the sets of orders entered October 20, 2016 and November 30, 2016." The District Court declined to review these other orders because they were not specified in the notice of appeal. See Fed. R. Bankr. P. 8003(a)(3) (notice of appeal must be accompanied by the judgment or order being appealed). Alston contends that the Trustee was sufficiently apprised of his intent to review these orders because they were noted in his "Statement of Issues to be Presented" on appeal, which was timely filed pursuant to Fed. R. Bankr. P. 8009(a)(1)(A). He argues, therefore, that the District Court "was obliged" to review them. We agree with the Trustee that Alston waived review of these orders, with the exception of one,[1] by wholly failing to present arguments in support thereof in his brief in the District Court. See Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 535 n.11 (3d Cir. 2007) (noting issues raised in a notice of appeal but not briefed are deemed waived) (citing cases).

We can easily dispense with several of Alston's contentions on appeal. His argument that the Bankruptcy Court failed to provide adequate notice and a hearing prior

---

[1] Alston presented arguments in his brief before the District Court challenging the Bankruptcy Court's June 9, 2015 order granting AS Peleus, LLC, relief from the automatic stay. Although Alston characterized this order as interlocutory, it was final when entered. See United States v. Nicolet, Inc., 857 F.2d 202, 206 (3d Cir. 1988). Accordingly, even if the notice of appeal could be liberally construed to include review of this order, the appeal was untimely filed as to it. See Fed. R. Bankr. P. 8002(a) (notice of appeal of a bankruptcy court order must be filed within 14 days of entry of the order being appealed).

to dismissing his case, as required by 11 U.S.C. § 1112(b)(1), is belied by the record. At a hearing on October 18, 2016, on Alston's Sixth Amended Disclosure Statement and Plan of Reorganization, numerous creditors expressed their objections to the plan, including to its feasibility; the Bankruptcy Court stated that Alston was "pretty much in the same spot that [he was] a year and a half ago in terms of the ability to fund a plan going forward." The Court indicated its intention to set a trial date to rule on the disclosure statement and the plan, and admonished all parties, including Alston, to be prepared to argue objections and present evidence to defend their positions. App. at 205-207. Pursuant to this, on October 19, 2016, the Bankruptcy Court entered an order scheduling a Rule to Show Cause hearing for November 29, 2016, and an "Order Directing Debtor to Appear and Show Cause Why Case Should Not be Dismissed." Contrary to Alston's contentions, the Bankruptcy Court had the authority to sua sponte order the show cause hearing,[2] and he had the burden, as the debtor-in-possession, to demonstrate that the proposed plan was feasible. See 11 U.S.C. § 1129(a)(11). Furthermore, the creditors' detailed objections put Alston on notice regarding inadequacies in the plan which could serve as cause for dismissal. Thus, Alston received ample notice of the show cause hearing and the issues to be addressed.

---

[2] See 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."); In re Hammers, 988 F.2d 32, 34–35 & n.8 (5th Cir. 1993) (upholding a sua sponte dismissal where the debtor was

We also find meritless Alston's assertion that the Bankruptcy Court's "statements, act, and omissions" were so prejudicial as to deprive him of due process. Recusal is required where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). In this case, Alston has not demonstrated bias stemming from an extra-judicial source, nor has he made a showing of pervasive bias that would necessitate recusal. See United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir. 1994) (noting that, to warrant recusal, bias must come from a source outside of the proceedings); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

We now turn to consider the propriety of the Bankruptcy Court's dismissal of the case. In a Chapter 11 case, the bankruptcy court may either dismiss the matter, or convert it to one under Chapter 7 for cause, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;" "failure to satisfy timely any filing or reporting requirement;" and "failure timely to pay taxes owed after [the petition was filed]." 11 U.S.C. § 1112(b)(4)(A), (F) & (I). We find no clear error in the Bankruptcy Court's determination that there was cause to dismiss the

---

ineligible for Chapter 13 relief).

5

case based on each of these factors.

The record fully supports the Bankruptcy Court's conclusion that the value of the estate was diminishing. See § 1112(b)(4)(A). In particular, Alston admittedly failed to make post-petition mortgage payments on certain properties, causing unpaid administrative expenses to mount (which were not fully accounted for in his filings), and there was an average negative cash flow over the last six months of the case. See Appellant's App. Vol. II at 287-89, 359, 363; Suppl. App. at 4, 17, 32, 63 & 93; see also Loop Corp. v. U.S. Tr., 379 F.3d 511, 515-16 (8th Cir. 2004) ("negative cash flow situation alone is sufficient to establish 'continuing loss to or diminution of the estate'").

Next, the Bankruptcy Court properly found that Alston's monthly operating reports (MORs), "one of the most fundamental filing and reporting requirements imposed on a Chapter 11 debtor," were untimely filed and/or incomplete, providing cause for dismissal under § 1112(b)(4)(F). Bankruptcy Op. at 15; see Fed. R. Bankr. P. 2015; In re Andover Covered Bridge, LLC, 553 B.R. 162, 173 (BAP 1st Cir. 2016) (noting that "[m]onthly reports and the financial disclosures contained within them are the life-blood of the Chapter 11 process" serving as the "primary means for monitoring the debtor's compliance with the Code's requirements" and a "litmus test for a debtor's ability to reorganize") (quotation marks and citations omitted). For example, the MORs for June through October of 2016 were cumulatively filed on October 7, 2016. Alston explains in his brief that caring for his elderly mother "consumed virtually all of his time . . . causing him to file late and/or allegedly incomplete MORS," but that he has "consistently

6

corrected these issues as required." Br. at 46. But a debtor's inability or belated effort to comply with his fiduciary duty to provide timely and complete financial disclosures does not excuse his obligation to do so; either one "undermines the Chapter 11 process and constitutes cause for dismissal." In re Costa Bonita Beach Resort, Inc., 513 B.R. 184, 199 (Bankr. D. P.R. 2014) (quoting In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995), and citing cases).

Alston also conceded the next basis for cause, admitting at the hearing that he has made post-petition real estate tax payments only "on some" of the properties. Appellant's App., Vol. II at 363; see 11 U.S.C. § 1112(b)(4)(I). Although Alston challenges numerous factual findings of the Bankruptcy Court, none undermine the foregoing bases upon which it found cause to dismiss. And because any one of these statutory grounds could serve as cause for dismissal, we need not address the challenges to the other bases found by the Bankruptcy Court. Accord In re Hoover, 828 F.3d 5, 11 (1st Cir. 2016) (noting "one cause is enough").

Alston next argues that the Bankruptcy Court "cut off his testimony" at the show cause hearing, thereby preventing him from establishing "the unusual circumstances in his life" which would warrant an exception to dismissal under 11 U.S.C. § 1112(b)(2).[3]

---

[3] Courts are divided on whether this exception is applicable where, as here, cause for dismissal or conversion has been established under § 1112(b)(4)(A). Compare In re Brutsche, 476 B.R. 298, 306 (Bankr. D. N.M. 2012) (holding that a court cannot rely on unusual circumstances to justify a decision not to either convert or dismiss the case where cause is established under § 1112(b)(4)(A)) with In re Ashley Oaks Dev. Corp., 458 B.R. 280, 284-86 (Bankr. D. S.C. 2011) (holding otherwise). We need not decide this issue

Appellant's Br. at 47. Alston testified about his personal circumstances, including his inability to find employment and the need to care for his elderly mother, which he maintained the Court should consider in "balancing the equities" against dismissal. Appellant's App., Vol. II at 129-34. The Court did not err in stopping this testimony, as the focus under § 1112(b)(2) is on unusual circumstances establishing whether dismissal would be *in the best interests of creditors and the estate*, rather than those of the debtor. Its determination that no such circumstances were established is not clearly erroneous.

Finally, the Bankruptcy Court determined that dismissal, rather than conversion, was in the best interests of the creditors and the estate, a conclusion not disputed by any of the parties. Therefore, based on the foregoing, the Bankruptcy Court did not abuse its discretion in dismissing the case. And, because it was not based on an intervening change in the law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice," the Court did not abuse its discretion in denying the motion for reconsideration. Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59(e) applicable to bankruptcy cases).[4]

Accordingly, we will affirm the judgment of the District Court.

---

because, as the following analysis makes clear, there are no unusual circumstances in this case.

[4] On the motion for reconsideration, the Bankruptcy Court amended its order to clarify that dismissal was not premised on Alston's failure to obtain pre-petition counseling. Thus, Alston's challenges to the dismissal order on this basis are meritless.