# United States Court of Appeals
## For the First Circuit

No. 19-9003

IN RE: PEDRO LÓPEZ-MUÑOZ,
Debtor.

UNITED SURETY & INDEMNITY COMPANY,

Appellant,

v.

PEDRO LÓPEZ-MUÑOZ,

Appellee.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

Before

Thompson and Barron,
<u>Circuit Judges</u>.[*]

Carlos Lugo-Fiol, with whom Héctor Saldaña-Egozcue and Saldaña & Saldaña-Egozcue, PSC were on brief, for appellant.
Luisa S. Valle-Castro, with whom Carmen D. Conde-Torres and C. Conde & Assoc. were on brief, for appellee.

December 21, 2020

---

[*] Judge Torruella heard oral argument in this matter and participated in the semble, but he did not participate in the issuance of the panel's decision. The remaining two panelists therefore issued the opinion pursuant to 28 U.S.C. § 46(d).

**THOMPSON**, **Circuit Judge**.    Pedro López-Muñoz ("López-Muñoz") filed a voluntary petition for chapter 11 bankruptcy in 2013.    After five years of litigation, the bankruptcy court confirmed a reorganization plan in 2018.    One of López-Muñoz's creditors, United Surety & Indemnity Company ("USIC"), appealed to the Bankruptcy Appellate Panel ("BAP").    The BAP dismissed USIC's appeal under the doctrine of equitable mootness, and USIC has appealed that decision to this Court.    For the reasons set forth below, we agree with the BAP that USIC's appeal is equitably moot.

## I.  Factual Background and Procedural History

This Court has laid out the facts of this case in some detail in response to a previous USIC appeal.  See In re López-Muñoz, 866 F.3d 487 (1st Cir. 2017).  We need not repeat ourselves.  Further, while USIC has raised several claims on appeal, the issue of equitable mootness is dispositive.  We therefore summarize the pertinent facts only as they relate to the issue of equitable mootness.

López-Muñoz filed a voluntary petition for chapter 11 bankruptcy on October 1, 2013.  Over the course of the next five years, the bankruptcy court heard evidence and conducted hearings to develop a reorganization plan under which López-Muñoz could make payments to creditors.  One of those creditors was USIC, which had an unsecured claim in the amount of $2,700,000.

-2-

López-Muñoz initially submitted a reorganization plan in 2014, but USIC objected to several aspects of that plan. According to USIC, the reorganization plan failed to comply with the best interest test under 11 U.S.C. § 1129(a)(7).[1] One of USIC's objections concerned the proper discount factor to determine the present value of López-Muñoz's assets. Both parties litigated the issue and provided expert testimony, with López-Muñoz arguing for a discount factor of 24% and USIC arguing for a discount factor 13%.

On April 12, 2018, the bankruptcy court held a hearing on this issue and indicated that it favored a 16% discount factor (instead of the 13% or 24% factors proposed by the parties) based on the liquidation analysis utilized in In re San Juan Oil Company, Inc., Ch. 11 Case No. 15-09593-EAG11 (Bankr. D.P.R. Aug. 29, 2016), ECF No. 74-4. On April 30, 2018, the hearing continued, and López-Muñoz presented a new liquidation analysis for a 16% discount factor. USIC argued that López-Muñoz should not be permitted to advocate for a new liquidation analysis at that point in the

---

[1] See 11 U.S.C. § 1129(a)(7)(A) (requiring that "each impaired class of claims or interests" either "(i) has accepted the plan; or (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date").

proceeding, but the bankruptcy court disagreed and allowed López-Muñoz's presentation.

On September 18, 2018, the bankruptcy court entered an opinion and order confirming the López-Muñoz reorganization plan pursuant to the best interest test under 11 U.S.C. § 1129(a)(7). Under the reorganization plan, unsecured creditors receive a set dividend to be spread out over equal monthly payments. For USIC and its $2,700,000 unsecured claim, this meant receiving a total dividend of $243,000 to be paid in monthly installments of $4,500.[2] USIC appealed this opinion and order to the BAP on October 2, 2018. USIC did not, however, move to stay the execution of the reorganization plan at that time.

In the absence of a stay, López-Muñoz moved forward with the reorganization plan. On December 14, 2018, almost three months after the bankruptcy court had confirmed the plan, López-Muñoz filed a Report of Payments and Request for Final Decree. That filing detailed how López-Muñoz had been handling assets and making payments to creditors pursuant to the approved reorganization plan. On January 4, 2019, USIC filed an opposition to López-Muñoz's request for final decree and also sought a stay of further execution of the reorganization plan. Shortly thereafter, to

---

[2] By our math, the total $243,000 dividend would be fully paid after fifty-four months (four and a half years).

-4-

correct a procedural deficiency, USIC filed an amended opposition and motion for stay. On March 20 and 21, 2019, the bankruptcy court denied USIC's amended motion to stay and entered a final decree. The bankruptcy court found that the reorganization plan had been "substantially consummated" because, among other reasons, the transfer or disposition of the property addressed under the plan had occurred and payments under the plan had commenced.

USIC did not appeal the denial of the stay and instead relied on its previous appeal to the BAP, with the reorganization plan continuing in effect. Nor did USIC seek an expedited determination of that appeal. For his part, López-Muñoz submitted an amended motion to dismiss USIC's pending appeal to the BAP under the doctrine of equitable mootness.

The BAP agreed with López-Muñoz and dismissed USIC's appeal on May 23, 2019. Thereafter, USIC filed a timely notice of appeal to this Court on June 6, 2019. All along, López-Muñoz has continued making payments to creditors and otherwise operated under the approved reorganization plan.

## II. Analysis

### A. Standard of Review

When considering an appeal from a bankruptcy court, under most circumstances, "[w]e review the bankruptcy court's legal conclusions de novo, its findings of fact for clear error,

and its discretionary rulings for abuse of discretion." In re López-Muñoz, 866 F.3d at 496-97 (quoting In re Hoover, 828 F.3d 5, 8 (1st Cir. 2016)). A party may appeal bankruptcy court orders to either the district court or the BAP. See 28 U.S.C. § 158. While we may find persuasive the analysis conducted at that intermediate level of review, we typically "cede no special deference to the intermediate decision itself." In re Hill, 562 F.3d 29, 32 (1st Cir. 2009). However, with respect to equitable mootness determinations, there is disagreement between the circuits as to whether de novo or abuse of discretion review is appropriate. In re SW Boston Hotel Venture, LLC, 748 F.3d 393, 402 (1st Cir. 2014). The First Circuit has yet to weigh in on this issue, and we need not do so here, as we agree with the BAP's equitable mootness determination under either standard. Id. at 403.

## B. Equitable Mootness

In the bankruptcy reorganization context, this Circuit has long recognized that mootness is not just a matter of jurisdiction but encompasses "equitable considerations" as well. In re Pub. Serv. Co. of N.H., 963 F.2d 469, 471 (1st Cir. 1992). The doctrine of equitable mootness, one that is seemingly unique to bankruptcy proceedings, In re ICL Holding Co., Inc., 802 F.3d 547, 554 (3d Cir. 2015), is "rooted in the 'court's discretion in matters of remedy and judicial administration' not to determine a

case on its merits." PPUC Pa. Pub. Util. Comm'n v. Gangi, 874 F.3d 33, 37 (1st Cir. 2017) (quoting In re Pub. Serv. Co. of N.H., 963 F.2d at 471). This is at times warranted to further "the important public policy favoring orderly reorganization and settlement of debtor estates by affording finality to the judgments of the bankruptcy court." In re Pub. Serv. Co. of N.H., 963 F.2d 471-72 (internal quotation marks and citation omitted). To that end, where a reorganization plan has been in place for an extended period of time after thorough vetting and approval by the bankruptcy court, there comes a point where "the impracticability of fashioning fair and effective judicial relief" cautions against disturbing the reorganization plan. Id. at 471; see also In re Metromedia Fiber Network, Inc., 416 F.3d 136, 144-45 (2d Cir. 2005) (holding that when a party does not diligently pursue a stay or seek expedited appellate review, "the question is not solely whether we can provide relief without unraveling the Plan, but also whether we should provide such relief in light of fairness concerns").

In determining whether an appeal is equitably moot we consider three factors: "(1) whether the appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order; (2) whether the challenged plan proceeded to a point well beyond any practicable appellate annulment; and

(3) whether providing relief would harm innocent third parties."
PPUC Pa. Pub. Util. Comm'n, 874 F.3d at 37 (internal quotation
marks, citations, emphasis, and alterations omitted).  We address
each in turn.

As to the first factor, we agree with the BAP that USIC
clearly failed to diligently pursue "all available remedies to
obtain a stay."  In re Pub. Serv. Co. of N.H., 963 F.2d at 473
(citation and emphasis omitted).  The bankruptcy court entered its
opinion and order confirming the López-Muñoz reorganization plan
on September 18, 2018.  Almost three months later, on December 14,
2018, López-Muñoz filed a Report of Payments and Request for Final
Decree.  It was only weeks after that filing, on January 4, 2019,
that USIC sought a stay in conjunction with its opposition to
López-Muñoz's Request for Final Decree.  When the bankruptcy court
denied USIC's stay request, USIC neither appealed that decision,
see Fed. R. Bankr. P. 8007(b), nor sought an expedited
determination of its already-pending BAP appeal, see, e.g., Fed.
R. Bankr. P. 8013; Fed. R. App. P. 27.  This is not the course of
one diligently pursuing all available remedies.  See In re Pub.
Serv. Co. of N.H., 963 F.2d at 472 (finding an appeal equitably
moot where "[a]ppellants sought to stay the execution of the order
of confirmation in the bankruptcy court, yet no attempt was made
to appeal the denial of a stay" and "no appellate or mandamus

-8-

relief was ever requested from the court of appeals relating to a stay of the confirmation order" (emphasis omitted)); see also In re Roberts Farms, Inc., 652 F.2d 793, 798 (9th Cir. 1981) (finding an appeal equitably moot where appellants "neglected diligently to pursue their available remedies to obtain a stay" of the confirmation order thereby letting transactions in reliance on the confirmed plan proceed).

We now look to the second and third factors of the equitable mootness analysis: "whether the challenged plan proceeded 'to a point well beyond any practicable appellate annulment,'" and "whether providing relief would harm innocent third parties." PPUC Pa. Pub. Util. Comm'n, 874 F.3d at 37 (quoting In re Pub. Serv. Co. of N.H., 963 F.2d at 473–75). USIC has provided stronger arguments on these latter two factors than on the first. For instance, USIC argues that López-Muñoz has not firmly demonstrated that the bankruptcy court would be incapable of undoing the progress of the current reorganization plan. USIC also argues that it is not clear precisely how "innocent third parties" would be harmed if we decided the merits of USIC's appeal. These points are well-taken.

However, under both the second and third factors, we must also take into account that the bankruptcy court declared the reorganization plan substantially consummated sixteen months

-9-

before we heard this appeal, after the approved plan had already been in place for over six months. We have said before that substantial consummation "raises a 'strong presumption' that an appellate court will not be able to fashion an equitable and effective remedy." In re Pub. Serv. Co. of N.H., 963 F.2d at 473 n.13 (quoting In re AOV Indus., Inc., 792 F.2d 1140, 1149 (D.C. Cir. 1986)). Similarly, where "a plan has been substantially consummated[,] there is a greater likelihood that overturning the confirmation [order] will have adverse effects on the success of the plan and on third parties" who have been acting in reliance on that plan. In re United Producers, Inc., 526 F.3d 942, 948 (6th Cir. 2008). Particularly when confronted with "a reorganization plan substantially consummated" in combination with "the absence of a stay," disrupting the plan tends to "run counter to the important policy favoring finality in bankruptcy proceedings." In re Pub. Serv. Co. of N.H., 963 F.2d at 474.

While our sister circuits have adopted different tests for equitable mootness, all agree that this is a fact-intensive inquiry.[3] Having weighed the facts, we find that USIC's appeal is

---

[3] See, e.g., In re Charter Commc'ns, Inc., 691 F.3d 476, 482 (2d Cir. 2012) (describing equitable mootness as "requir[ing] an analytical inquiry . . . [that] must be based on facts"); S.E.C. v. Wealth Management LLC, 628 F.3d 323, 332 (7th Cir. 2010) (describing equitable mootness as "fact-intensive"); In re AOV Industries, 792 F.2d 1140, 1147 (D.C. Cir. 1986) (describing

equitably moot.  The substantially-consummated reorganization plan has continued in place for an extended period of time while USIC has not pursued its available remedies to obtain a stay.  At this point, over seven years after López-Muñoz filed for bankruptcy and over two years after López-Muñoz began making payments to creditors under the approved reorganization plan, we decline to disrupt the status quo.

**Affirmed.**

---

equitable mootness as "requir[ing] a case-by-case judgment").